UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL-JOHN FREDERICK MAIER,

    Plaintiff,

    v.

SNOHOMISH COUNTY JAIL, *et al.*,

    Defendants.

Case No. C19-1963-JLR-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Plaintiff, a pretrial detainee at the Snohomish County Jail, filed a 42 U.S.C. § 1983 civil rights action against the Snohomish County Jail (the "Jail") and several of its employees. (Dkt. # 1.) For the reasons stated below, the Court recommends dismissing the complaint because it is duplicative of a complaint filed by Plaintiff on November 27, 2019.

## II. DISCUSSION

On November 27, 2019, Plaintiff submitted a civil rights complaint under C19-1962 BJR-MAT alleging his rights at the Jail were violated because (1) he is a Seventh Day Adventist and was denied a "verifiable vegan diet"; (2) he is disabled and denied appropriate housing; (3) he is "stressed" from lack of availability of mail and phones; and (4) he was denied proper medical

REPORT AND RECOMMENDATION - 1

care such as medication, clothing and "personal shoes." *See Maier v. Snohomish Department of Corrections, et al.*, Case No. C19-1962-BJR-MAT (Dkt. # 1).

Plaintiff filed the instant civil rights action on December 2, 2019. (Dkt. # 1) Plaintiff's complaint alleges his civil rights were violated because the Snohomish County Jail denied him access to (1) a vegan diet; (2) his "personal shoes" which Plaintiff alleges are needed due to a medical condition caused by a prior injury; and (3) church. (Dkt. # 1 at 4-7.)

Because the complaint before this Court is duplicative of Plaintiff's other civil rights complaint which is currently pending before a different judge, the instant action should be dismissed.[1] *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant."). Plaintiff will not be prejudiced by dismissing these claims because he can raise the claims herein through the other complaint he previously filed and the other earlier submitted complaint has not yet been served on the defendants. Thus, Plaintiff at this point can add any additional factual allegations (such as the alleged denial of access to church) contained herein that he believes are not fully set forth in the other pending complaint by timely filing an amended complaint.

---

[1] A civil rights complaint filed by Plaintiff on December 6, 2019 was dismissed for being duplicative of C19-1962-BJR-MAT and the instant action. *See Maier v. Snohomish County Corrections, et al.*, C19-2007-RSM-BAT (Dkt. # 6.) In that matter, Plaintiff alleged Snohomish County Jail and several of its employees denied him a vegan diet, lack of availability of mail and phones, and inadequate medical care (denial of personal shoes and delay in dental care). *Id.* (Dkt. # 1). Because the claims in C19-2007-RSM-BAT are also duplicative of those in C19-1962-BJR-MAT, Plaintiff will not be prejudiced by the dismissal of the instant action.

REPORT AND RECOMMENDATION - 2

1     Accordingly, the Court recommends the instant action be dismissed with prejudice as duplicative of C19-1962-BJR-MAT and Plaintiff's application to proceed *in forma pauperis* (dkt. # 6) be stricken as moot. A proposed order accompanies this Report and Recommendation.

    Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 31, 2020**.

    The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

    Dated this 8th day of January, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3